IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY WALKER<br>Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. _____<br>JURY |
| ALLEGIANCE CRANE & EQUIPMENT, LLC<br>Defendants, | §<br>§ | |

---

## PLAINTIFF BOBBY WALKER'S ORIGINAL COMPLAINT

---

COMES NOW, **BOBBY WALKER, PLAINTIFF,** complaining of **ALLEGIANCE CRANE & EQUIPMENT, LLC,** (hereinafter referred to as "**DEFENDANT**") and for cause of action would show the Court as follows:

**I.**
**INTRODUCTION**

1.   This lawsuit is brought and jurisdiction lies pursuant to §706 of Title VII of the Civil Rights Act of 1964, as amended, 2 U.S.C. §2000.

2.   All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

 (a)   A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") within 180 days of the commission of the unlawful employment practices alleged herein.

 (b)   A Right to Sue notice was received from the EEOC on October 28, 2013.

 (c)   This complaint has been filed within 90 days of receipt of the EEOC's Right to Sue notice.

3.   BOBBY WALKER is a resident of Channelview, Harris County, Texas.

4.   DEFENDANT, ALLEGIANCE CRANE & EQUIPMENT, LLC, is a validly existing Delaware corporation located in Southlake, Texas. DEFENDANT may be served through its registered agent, Capitol Corporate Services, Inc. in Austin, Texas or wherever they may be found.

5.   This claim seeks restitution to PLAINTIFF of all rights, privileges, benefits, and income that the PLAINTIFF would not have had but for DEFENDANT'S unlawful discriminatory practices.

6.   This action further seeks compensatory damages for the harm done to PLAINTIFF.

7    All the discriminatory employment practices alleged herein, were committed within the state of Texas.

## II.
### STATEMENT OF FACTS

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.   PLAINTIFF was employed as a crane operator from or about April 30, 2012, to such time that he was forced to quit as he was being retaliated against by DEFENDANT as would not give him enough hours such that he could make a living.

9.   PLAINTIFF at all times, more than adequately, performed his duties.

10.  PLAINTIFF was employed at the Houston office but was required to go to other work locations as part of his employment with DEFENDANT. On or about May 8, 2012 he noticed Mike Brewster, a manager, dry humping James Graham in the Houston office.

11.  On or about May 13, 2012 Plaintiff went to Corizo Springs Texas to a remote job site in which James Graham was his supervisor.

12.  While out on site, James Graham would walk around the location with just his underwear

on. On or about May 16, 2012 James Graham was wrestling with another employee and had an erection while he did it in front of everyone there.

13. On May 19, 2012 PLAINTIFF was sitting on the couch watching television during a break when he felt something being dragged across his shoulder. When he looked to see what it was, he noticed James Graham with his penis out which he had dragged across PLAINTIFF's shoulder. This was witnessed by Jason Kendrick, another employee.

14. PLAINTIFF and Jason Kendrick left several days later and returned to the office. They both made a written complaint with Lisa Honeycutt, the acting human resource person on site. The next day both statements were stolen out of the locked trailer.

15. PLAINTIFF reported the incident to the corporate human resource officer in Florida, and was asked what he wanted them to do. No investigation was done that Plaintiff was aware regarding James Graham.

16. James Graham continued to contact PLAINTIFF and harass him. Even though PLAINTIFF continued to report the actions of James Graham, nothing was done to stop Mr. Graham. James Graham eventually started working for another company that DEFENDANT owned out of the San Antonio office.

17. On or about August 3, 2012 while PLAINTIFF was being told that Mr. Graham had been terminated, he showed up at the Houston office in one of Defendant's uniforms.

18. PLAINTIFF continually reported the above sexual harassment yet nothing was done other than he was taken off his crane and his hours were reduced.

19. PLAINTIFF finally quit because he could not support his son on the reduced hours given him by the DEFENDANT.

## III.
### FIRST CAUSE OF ACTION

20.     PLAINTIFF continues to re-allege each and every allegation contained in paragraphs 1-19 of this Complaint with the same force and effect as if set forth herein.

21.     DEFENDANT discriminated against PLAINTIFF in the form of sexual harassment on the basis of his sex, in violation of Title VII.

22.     PLAINTIFF is now suffering, and will continue to suffer, irreparable injury and monetary damages, as a result of DEFENDANT'S discriminatory practices, unless and until this Court grants relief.

23.     DEFENDANT'S discriminatory conduct as to PLAINTIFF was done with malice and reckless indifference, to the federally protected rights of PLAINTIFF.

24.     As a direct and proximate result of DEFENDANT'S discrimination, PLAINTIFF has been deprived of economic benefits, including, but not limited to, lost fringe benefits, loss of job opportunities (promotion) and/or loss wages and benefits.

25.     DEFENDANT'S constructive termination of employment regarding PLAINTIFF has caused, continues to cause, and will cause the PLAINTIFF to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment to life, and other non-pecuniary losses.

## IV.
### SECOND CAUSE OF ACTION

26.     PLAINTIFF continues to reallege each and every allegation contained in paragraphs 1-19 of this Complaints with the same force and effect as if set forth herein.

27.     DEFENDANT has retaliated against PLAINTIFF, by reducing his hours and taking him off his crane that he was assigned on several different occasions.

# V.
## PRAYER FOR RELIEF

BOBBY WALKER respectfully prays the Court to grant the following relief:

(1)      Declaring that the acts and practices complained of herein are in violation Title VII.

(2)      Enjoin DEFENDANT from any further prohibited discrimination against PLAINTIFF.

(3)      Order that PLAINTIFF be awarded the back pay she would have earned, together with related monetary benefits and interest thereon, from August 29, 2011.

(4)      Award PLAINTIFF compensatory damages in amount to be determined at trial of this matter.

(5)      Award PLAINTIFF punitive damages in an amount to be determined at trial of this matter.

(6)      Award PLAINTIFF her attorney fees, including legal expenses, and costs pursuant to Section 505 of the ADA, 42 U.S.C.§12205.

(7)      Grant such other and further relief as may be just and proper. PLAINTIFF demands trial by jury.

Respectfully submitted,

s/ PHILIP J. ORTH, III
PHILIP J. ORTH, III
Attorney-In-Charge
THE LINEBAUGH LAW FIRM, P.C.
State Bar No. 15323070
Federal ID No. 14065
1300 Rollingbrook Dr., Suite 601
Baytown, Texas 77521
Phone: 281-422-0505
Fax: 281-422-2641